# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

LEAH BANKS,
ADC #868043                                                                                             PLAINTIFF

3:21CV00024-DPM-JTK

WILLISTER BLACK, et al.                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Chief Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

      1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

Plaintiff Leah Banks is an inmate at the Craighead County Detention Facility who filed this pro se action pursuant to 42 U.S.C. § 1983. (Doc. No. 2) Because of the serious nature of Banks' Complaint, that Defendant Black repeatedly raped and sexually abused her during her confinement, the Court appointed attorney Michael Easley to represent Plaintiff Banks on February 5, 2021. (Doc. No. 5)[1]

This matter is before the Court on the Defendants' Motion for Summary Judgment on the issue of exhaustion and Brief in Support. (Doc. Nos. 10-11) Plaintiff responded (Doc. No. 17), and Defendants replied. (Doc. Nos. 20, 21)

### II. Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter

---

[1] Defendant Black resigned two days after Plaintiff filed this lawsuit. (Doc. No. 10-1)

of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

At issue in Defendants' Motion is whether Plaintiff exhausted her administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Defendants presented the Affidavit of Keith Bowers, Jail Administrator of the Craighead County Sheriff's Office, who stated that Craighead has a grievance policy which is given to every inmate upon arrival to the Detention Facility. (Doc. No. 10-1) That policy, C-14, provides that inmates should submit a written statement following the incident at issue on a specific form which "shall state fully the time, date, names of the jail officer and/or staff members involved, and pertinent details of the incident, including the names of any witnesses." (Doc. No. 10-2, p. 1) Bowers stated that although Plaintiff Banks used the grievance policy on multiple occasions, she never filed a grievance against Defendant Black. (Id.) In addition, Banks admitted in her complaint that she did not file a grievance because she felt intimidated that she was still in the

3

custody of Craighead County and "because of the severity of the situation." (Id., p. 2; Doc. No. 2, p. 3) Finally, Bowers stated that although Defendant Black resigned on January 29, 2021, Plaintiff did not follow the grievance procedure with respect to these claims. (Doc. No. 10-1, p. 2)

In response, Plaintiff did not dispute that she did not grieve the claims, but stated that she told jail administrators on numerous occasions that she was being sexually abused by Defendant Black, without recourse. (Doc. No. 17, p. 4) In addition, Plaintiff's counsel represented that he spoke with a jail employee who stated that he or she had personal knowledge of Black's misconduct and was repeatedly ignored when he or she made jail administrators aware of the abuse. (Id., p. 2) Therefore, Plaintiff explained that she did not file a grievance because she "firmly believed that nothing would happen, and that any grievance was going to be swept under the rug." (Id., p. 5)

> According to the PLRA,
>
>> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001).  In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for

4

'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

The PLRA requires "proper" exhaustion, which means "using all steps that the agency holds out, and doing so *properly*." Porter v. Nussle, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Porter, 548 U.S. at 90-91.

Unfortunately, in this case, Plaintiff's belief that filing a grievance was futile, while understandable, does not excuse her from the PLRA exhaustion requirement. Therefore, the Court has no choice but to dismiss this lawsuit for failure to exhaust her administrative remedies.

### III. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment on the issue of Exhaustion (Doc. No. 11) be GRANTED, and Plaintiff's claims against Defendants be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 3rd day of June, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE